IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RAYMONDO LYNCH,                              Case No. 3:11-CV-01426-SU

                    Petitioner,         FINDINGS AND RECOMMENDATION

        v.

J.E. THOMAS,

                    Respondent.

SULLIVAN, Magistrate Judge.

        On November 23, 2011, petitioner filed this 28 U.S.C. § 2241 habeas corpus action challenging sanctions resulting from a prison disciplinary hearing conducted at FCI-Sheridan on November 5, 2011. Respondent timely filed his Response and argues, in part, that petitioner's case is premature because he has not exhausted his administrative remedies. Although petitioner's supporting memorandum was due on June 7, 2012, he has neither filed such a brief, nor has he provided any argument to rebut the State's contention that he failed to exhaust his claims.

1 - FINDINGS AND RECOMMENDATION

It is well settled that federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Fendler v. United States Parole Com'n*, 774 F.2d 975, 979 (9th Cir. 1985). The exhaustion requirement in the 28 U.S.C. § 2241 habeas context is not jurisdictional because it is not required by statute. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). While the exhaustion requirement is not jurisdictional, its importance is nevertheless well-established. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id.; United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982). "Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative

proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted).

In this case, the Disciplinary Hearings Officer ("DHO") found petitioner guilty of Fighting with Another Person (Code 201) on November 5, 2011.  As part of that decision, the DHO advised petitioner of his "right to appeal the action within 20 calendar days under the Administrative Remedy Procedure."  Declaration of Daniel Cortez, Jr., Att. 5, p. 4.  Petitioner did not avail himself of this opportunity, and instead proceeded to file this habeas action on November 23, 2011.

There is no evidence or argument that the Administrative Remedy Procedure the Bureau of Prisons offers is futile or ineffective.  Instead, it appears petitioner prefers to proceed directly with a habeas action in lieu of availing himself of appeals to the Bureau of Prisons' Regional and Central Offices, an administrative process capable of addressing his concerns.  This preference is insufficient to excuse the exhaustion requirement. As a result, the Second Amended Petition for Writ of Habeas Corpus should be dismissed without prejudice to petitioner's right to refile his pleading after he has exhausted his administrative remedies.

## **RECOMMENDATION**

The Second Amended Petition for Writ of Habeas Corpus (#11) should be dismissed as premature based upon petitioner's failure to

3 - FINDINGS AND RECOMMENDATION

exhaust his administrative remedies, and the court should enter a judgment dismissing this action without prejudice to petitioner's right to refile his pleading after he has exhausted his administrative remedies.

### SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due by October 1, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 12th day of September, 2012.

    /s/ Patricia Sullivan
        Patricia Sullivan
        United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION